IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IRENE JONES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv538-A |
| | ) | WO |
| | ) | |
| LMR INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## I. PROCEDURAL HISTORY

This cause is before the court on a Motion to Dismiss State Law Claims and to Strike Jury Demand, filed by Defendant Great-West Life & Annuity Insurance Company ("Great-West") (Doc. #37), and a Motion to Dismiss and Strike Plaintiffs' Amended Complaint and to Strike Jury Demand filed by LMR International, Inc. ("LMR"), Custom Services International, Inc.("CSI"), and Lillie Thomas (Doc. #39).

The Plaintiffs originally filed a Complaint in this case in the Circuit Court of Barbour County, Alabama, Eufaula Division. Great-West filed a Notice of Removal, stating that this court has federal question subject matter jurisdiction because the Plaintiffs' state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"). LMR, CSI, and Lillie Thomas joined in the Notice of Removal.

This court denied the Motion to Remand, finding that there was complete preemption under ERISA in this and other companion cases. The Plaintiffs in this case and the plaintiffs in companion cases sought clarification as to the nature of claims which could be asserted against various Defendants and sought certification for interlocutory appeal.

This court issued an Order in this case and the companion cases stating that the most efficient way to proceed was to allow the Plaintiffs to amend the Complaint to assert ERISA claims and any state law claims they felt were appropriate, and then to rule on any Motions to Dismiss filed by the Defendants as to the Amended Complaint.  The court indicated that the Plaintiffs could include state law claims against LMR in order to preserve issues for appeal.

In accordance with the court's Order, the Plaintiffs filed an Amended Complaint.  Counts One through Seven of the Amended Complaint are state law claims including claims for fraud, suppression, breach of contract, bad faith failure to pay insurance, negligence, conversion, and wantonness. Count Eight is an ERISA claim. This cause is now before the court on the motions to dismiss the state law claims in the Plaintiffs' Amended Complaint and to strike the jury demand.

## II.  DISCUSSION

In a previous opinion entered in this case, Jones v. LMR Intern., 351 F. Supp. 2d 1308, 1314 (M.D. Ala. 2005), this court examined the allegations of the Plaintiffs' Complaint in light of the four elements for finding complete preemption under ERISA as stated in Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999): one, there must be a relevant ERISA plan; two, the plaintiff must have standing to sue under that plan; three, the defendant must be an ERISA entity; and four, the complaint must seek compensatory relief akin to that available under §1132(a), which is normally akin to a claim for benefits due under a plan.  See Jones, 351 F. Supp. at 1314; see also Cotton v. Massachusetts Mut. Life Ins. Co., NO. 02-12409, 2005 WL 604905 (11th Cir. Mar 16, 2005) (stating that the analysis in Butero pre-dates inconsistent panel opinions decided before Butero).

As this court explained in its earlier opinion, ERISA defines the terms "employee welfare benefit plan" and "welfare plan" as any plan, fund, or program which "was heretofore or is hereafter established" or maintained by an employer to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants benefits. See Jones, 351 F. Supp. 2d at 1314 (citing 29 U.S.C. § 1002(1)). "The statute uses the disjunctive word 'or,' requiring only that the plan either be 'established or maintained' as an ERISA plan." Nix v. United Health Care of Ala., Inc., 179 F. Supp. 2d 1363, 1369 (M.D. Ala. 2001).

In this case, the Plaintiffs' claims arise from a plan "established" as an ERISA plan which then lapsed when the administrative services contract terminated. Id. Under the plain language of the statute, because the plan was established as an ERISA plan, ERISA governs claims made under the plan, even though the plan was not maintained after a certain point. Id. This court has not been convinced by the Plaintiffs' most recent arguments that its conclusion that the first Butero element has been met in this case was in error.

With respect to the standing element of complete preemption, this court previously analogized this case to Willett v. Blue Cross and Blue Shield of Alabama, 953 F.2d 1335 (11th Cir. 1992), and concluded that because the plan participant in Willett had standing to sue even though the plan was suspended before he was eligible to participate in it, standing is met in this case as well. See Jones, 351 F. Supp. 2d at 1314-15 (citing York v. Ramsay Youth Serv. of Dothan, 313 F. Supp. 2d 1275, 1283 (M.D. Ala. 2004)). The court again concludes that the second Butero element has been met in this case.

There is no dispute that LMR is an ERISA entity, satisfying the third Butero element.

3

With regard to the fourth Butero element, this court previously found that relief akin to that available in § 1132(a) is sought in this case. See Jones, 351 F. Supp. 2d at 1315. For example, this court found significant the fact that the Plaintiffs brought a claim for breach of contract. Id. The Plaintiffs alleged in their original Complaint, the point at which jurisdiction was evaluated, that they lost "health insurance benefits," and that they received deductions from their pay for insurance premiums which were not paid. Complaint at page 3. While the Plaintiffs contend, based on documentary evidence, that the plan terminated, they seek to recover benefits due under an ERISA plan which they were never told had lapsed, and for which they continued to pay premiums. This is not merely relief which is affected by the calculation of benefits, but is relief akin to that available in § 1132(a). This court does not depart from its earlier conclusion, therefore, that complete preemption exists in this case. See Jones, 351 F. Supp. 2d at 1315.

In addition, the court concludes that any supplemental state law claims the Plaintiffs seek to bring against LMR relate to the ERISA benefits plan, and are due to be dismissed as being defensively preempted under 29 U.S.C. § 1144. Of course, claims which are completely preempted are necessarily defensively preempted. Butero, 174 F.3d at 1215. The Plaintiffs have not made it clear whether they seek to assert state law claims only as a preservation of the jurisdictional issue for appeal, or whether they contend that some claims against LMR may be asserted as supplemental state law claims even with the assertion of an ERISA claim against LMR. The Plaintiffs have added a claim against LMR in the Amended Complaint which was not in the original Complaint and which appears to be an attempted supplemental state law claim of conversion. The claim for conversion seeks recovery of premiums paid for coverage under the

4

plan.  This claim relates to the plan because it has a connection with or a reference to the plan, therefore, is defensively preempted.  See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983).

The Plaintiffs also contend that they may proceed under state law with claims against Defendants other than LMR.  The Plaintiffs incorporate their response filed in a companion case in which they contend in a footnote that "should the Court also find that Great West did not have ERISA fiduciary responsibilities prior to the termination of the policy," ERISA preemption must fail.  Plaintiffs' Opposition, page 16 n.4.  Apparently, the Plaintiffs concede that if Great-West is a fiduciary, or was a fiduciary at the relevant time, the claims against Great-West are preempted.  The Plaintiffs, however, do not point the court to any evidence from which to conclude that Great-West is not, or was not at a relevant time, a fiduciary.  In Count Eight of the Second Amended Complaint, however, the Plaintiffs identify Great-West as a fiduciary.

Great-West argues that even if it is not a fiduciary, claims against a non-fiduciary administrator are defensively preempted, citing Howard v. Parisian, Inc., 807 F.2d 1560 (11th Cir. 1987).

In Howard, a former employee brought a claim to recover additional health care benefits under an employee welfare benefit plan, and also claims for bad faith refusal to pay such benefits and outrageous and intentional infliction of emotional distress against the plan, employer, and plan administrator.  With regard to the claims against the plan administrator, the court noted that ERISA does not regulate the duties of non-fiduciary plan administrators. Id. at 1564. The Eleventh Circuit concluded, however, that claims against non-fiduciary plan administrators for the wrongful termination of benefits are preempted because to allow state law to govern such claims would be to contravene the purpose of the statute.  Id. at 1565.

The Howard decision relied on Light v. Blue Cross and Blue Shield of Alabama, 790 F.2d 1247, 1248-49 (5th Cir. 1986), in reaching its holding. See Howard, 807 F.2d at 1565. In Light, the plaintiffs brought claims against the plan administrator including a bad faith failure to pay benefits. Light, 790 F.2d at 1247. The administrator of the self-insured plan had denied benefits on the basis that the coverage had terminated. The court found the claims against the administrator to be preempted. Id. at 1249. In a subsequent Fifth Circuit decision,[1] the court explained that the claims in Light "affected relations between the employer, the plan fiduciaries, and the plan beneficiaries . . . ." Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enterprises, Inc., 793 F.2d 1456, 1469 (5th Cir. 1986).

The Plaintiffs' argument in this case that the claims against Great-West are not preempted is based on Morstein v. Nat. Ins. Serv. Inc., 93 F.3d 715 (11th Cir. 1996)(en banc). In Morstein, the court held that "when a state law claim brought against a non-ERISA entity does not affect relations among principal ERISA entities as such, then it is not preempted by ERISA." Id. at 722. The Morstein opinion does not address the Howard decision. Howard, however, does not appear to this court to be in conflict with Morstein because, as explained above, a claim against the administrator of a plan can affect the relations of ERISA entities. In fact, the Morstein opinion itself appears to recognize that claims against a plan administrator can be preempted, stating that "the claim brought by Morstein against Pan-American and National was of the latter type and would be preempted . . ." Id. at page 723 n.11. The opinion includes the following description of National: "[T]he policy was to be administered by National Insurance Services, Inc. ("National") . . . ." Id. at 716.

---

[1] This decision was also noted in Howard. See Howard, 807 F.2d at 1564.

One case applying Morstein and finding no preemption of a claim against a plan administrator is Skilstaf, Inc. v. Adminitron, Inc., 66 F. Supp. 2d 1210 (M.D. Ala. 1999). In that case, however, the claim against the plan administrator was found not to be preempted because the claim was that the administrator did not procure the promised insurance, which the court reasoned was a claim similar to that asserted in Morstein. Id. at 1216. The court noted that the plaintiff was not challenging any action concerning the processing of an ERISA claim, and concluded, therefore, that the case was distinct from cases finding that a claim challenging processing of an ERISA claim is preempted. Id. at 1216-17.

In this case, the Plaintiffs have challenged that Great-West did not tell them that their premium payments were not being applied toward insurance, did not tell them that a "hold" on their claims was a denial of claims, and failed to pay health insurance benefits. Amended Complaint at ¶'s 32, 39. This case is, therefore, distinguishable from Skilstaf because it concerns the administration of benefits, not the failure to procure insurance. The court concludes, therefore, under the reasoning in Howard, that the state law claims against Great-West are preempted and due to be dismissed regardless of whether Great-West was or is a fiduciary.

The Plaintiffs also contend that claims against CSI and Lillie Thomas are not preempted. The claims against CSI have been stayed by separate Order, however, due to CSI's pending bankruptcy petition.

Lillie Thomas is alleged in the Amended Complaint to have made express misrepresentations to the Plaintiffs and suppressed facts from the Plaintiffs regarding the lapse in

health coverage. Amended Complaint at ¶ 20. Lillie Thomas argues that she had no contractual relationship with the Plaintiffs, and that CSI and Lillie Thomas were not the employers of the Plaintiffs.

It is unclear from the allegations of the Amended Complaint upon what basis the Plaintiffs contend that Lillie Thomas owed them any duty to disclose information about the health plan. Furthermore, unlike the allegations with regard to Great-West, there is no contention in this case that Lillie Thomas played a role in the administration of plan benefits. At most it appears that the Plaintiffs contend that she played some role in processing payroll deductions for payment of premiums, and did not disclose that there was a problem with the insurance. The court concludes, therefore, that Lillie Thomas must be analyzed in a manner which is different from LMR and Great-West.

This court has previously reasoned that claims against an agent of an ERISA entity do not fall within the Morstein holding and are preempted. Wilson v. Coman, 284 F. Supp. 2d 1319, 1349 (M.D. Ala. 2003). The Eleventh Circuit has acknowledged the practical reason for such a rule, stating that to allow state law claims to proceed against the agent of an entity even though state law claims cannot maintained against that entity "would reduce all of ERISA's preemptive scope to nothing but a trap for an artless pleader." Butero, 174 F.3d at 1213 n.4. The question in this case, therefore, is whether Lillie Thomas is an employee or agent of an ERISA entity.

The Plaintiffs do not allege in their Amended Complaint what the relationship between Lillie Thomas and the corporate entities is. If Lillie Thomas is an employee of LMR, she is an employee of an ERISA entity. Although they do not state clearly the nature of the relationship in their response, CSI, LMR, and Lillie Thomas appear to contend that Lillie Thomas is an

employee of CSI. In the Amended Complaint, the Plaintiffs allege that "LMR International, Inc. is a subsidiary of Custom Services International, Inc. ("CSI") and operates as the alter ego of CSI." Amended Complaint at ¶ 3. Accepting the Plaintiffs' allegation on its face, Lillie Thomas would be an employee of the employer LMR, as an alter ego of CSI. Therefore, at this point in the proceedings, based on the allegations of the Amended Complaint, the court concludes that the claims against Lillie Thomas are preempted and due to be dismissed.

### III. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motions to Dismiss (Doc. #'s 37, 39) are GRANTED as to Defendants LMR, Lillie Thomas, and Great-West on Counts One through Seven of the Amended Complaint, and Counts One through Seven are dismissed as to LMR, Lillie Thomas, and Great-West. The Motions to Strike the Jury Demand (Doc. #'s 37, 39) are GRANTED as to the remaining claim against LMR, Lillie Thomas, and Great-West.

2. The case will proceed on the claim in Count Eight against LMR, Lillie Thomas and Great-West. All claims against CSI have been stayed by separate Order due to a suggestion of bankruptcy.

3. The Motion for Certification of Appealability (Doc. # 24), which is reflected as a pending motion on this court's docket and which is directed to this court's previous Order, is DENIED as moot.

4. If the Plaintiffs wish to move for certification of this decision for interlocutory appeal, they should include in their request to this court a statement of the question or questions sought to be certified. Any such motion to this court must be made within **fourteen (14) days** from the

date of this Order. The court will give the Defendants an opportunity to respond and, if the court determines it to be appropriate, this Order will be amended to include appropriate language required by 28 U.S.C. § 1292(b).

Done this 26th day of April, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE