IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRENE JONES, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CIVIL ACTION NO.: 2:04cv538-A |
| ) | WO |
| LMR INTERNATIONAL, et al., ) | |
| ) | |
| Defendants. ) | |
| LORETTA PERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:04cv668-A |
| ) | |
| GREAT WEST LIFE & ANNUITY ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |
| FAYE TEW, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:04cv494-A |
| ) | |
| LMR INTERNATIONAL, INC.; ) | |
| GREAT WEST LIFE & ANNUITY ) | |
| INSURANCE COMPANY; CUSTOM ) | |
| SERVICES INTERNATIONAL, INC. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This cause is before the court on the Plaintiffs' Motion for Certificate of Appealability (Doc. # 52).

The Plaintiffs originally filed Complaints in three separate, but companion, cases in the Circuit Court of Barbour County, Alabama, Eufaula Division. The cases were removed on the basis of federal question subject matter jurisdiction on the theory that the Plaintiffs' state law claims are completely preempted by the Employee Retirement Income Security Act ("ERISA"). This court denied subsequently filed Motions to Remand, finding that there was complete preemption under ERISA in the three companion cases. The Plaintiffs in the companion cases sought clarification as to the nature of claims which could be asserted against various Defendants and sought certification for interlocutory appeal.

This court issued Orders in the three cases stating that the most efficient way to proceed was to allow the Plaintiffs to amend the Complaint to assert ERISA claims and any state law claims they felt were appropriate, and then to rule on any Motions to Dismiss filed by the Defendants as to the Amended Complaint. The court indicated that the Plaintiffs could include state law claims against LMR in order to preserve issues for appeal.

In accordance with the court's Order, the Plaintiffs filed Amended Complaints. On April 26, 2005, this court entered Memorandum Opinions and Orders granting Motions to Dismiss as to state law claims against LMR as having been completely and defensively preempted and as against other defendants as having been defensively preempted. The cases were subsequently ordered consolidated at the Plaintiffs' request.

Essential to this court's determination that it has jurisdiction in these consolidated cases and that the state law claims asserted are defensively preempted is the conclusion that ERISA governs these consolidated cases even though the ERISA plan at issue was allowed to lapse. As more fully discussed in the court's earlier opinions denying the Motions to Remand in the three

companion cases, this court has concluded that the plain language of the statute compels a finding of complete preemption. The court has further concluded that the Eleventh Circuit's decision in <u>Whitt v. Sherman</u>, 147 F.3d 1325 (11th Cir. 1998) is not dispositive of the jurisdictional issue because in <u>Whitt</u>, unlike in these consolidated cases, no ERISA plan had been established at the time of the employee's termination, no ERISA plan had been established at the time of removal, and the court was examining the retroactive effect of establishment of a plan. In these consolidated cases, there is no question that an ERISA plan was established and that the plaintiffs were receiving health insurance benefits pursuant to that plan. Although <u>Whitt</u> is distinguishable on that basis, this court recognizes that there is substantial ground for a difference of opinion on the issue of whether an ERISA plan must be in continued existence at the time of the injury to provide a basis for complete preemption. Further, the Eleventh Circuit does not appear to have ruled on the issue of defensive preemption under the facts of the consolidated cases. The issues raised which involve controlling questions of law as to which there is substantial ground for difference of opinion in these consolidated cases, therefore, are as follows:

    1. Whether ERISA completely preempts state law claims that seek damages for breach of contract, lost health insurance benefits, and premium payments for losses incurred after an ERISA plan lapsed, where the employees assert that the fact of lapse of the ERISA plan was fraudulently suppressed.

    2. Whether claims against an entity which played a role in the administration of ERISA plan benefits and against which claims are brought for failure to disclose that the ERISA plan had lapsed are defensively preempted.

Therefore, it is hereby ORDERED as follows:

1. Pursuant to 28 U.S.C. § 1292 (b), this court's Memorandum Opinion and Order entered on April 26, 2005, is AMENDED to add the following statement:

This Memorandum Opinion and Order, and the Memorandum Opinion and Order entered by this court on January 4, 2005, involve controlling questions of law as to which there is substantial ground for difference of opinion and an immediate appeal from these orders may materially advance the ultimate termination of this litigation.

2. Proceedings in this court are STAYED pending resolution of Plaintiff's application to the Court of Appeals, assuming that such application is made within the required time, and any ensuing appeal from this Order which may follow.

DONE this 25th day of May, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE