IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IRENE JONES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv538-WHA |
| | ) | WO |
| LMR INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LORETTA PERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv668-WHA |
| GREAT WEST LIFE & ANNUITY INS. CO.,) | | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| FAYE TEW, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 2:04cv494-WHA |
| LMR INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## I. PROCEDURAL HISTORY

This cause is before the court on a Motion to Dismiss filed by Defendants Great-West

Health Care, Inc. and Great-West Life & Annuity Insurance Company ("Great-West") (Doc.

#88).

The Plaintiffs originally filed complaints in three cases in the Circuit Court of Barbour

County, Alabama, Eufaula Division, bringing solely state law claims.  The cases were removed

on the basis of federal question subject matter jurisdiction.  This court denied Motions to

Remand which were filed by the Plaintiffs, finding that there was complete preemption of state

law claims by the Employee Retirement Income Security Act ("ERISA") in the three companion

cases.  The court then allowed the Plaintiffs to amend their Complaints to assert ERISA claims

and whatever state law claims the Plaintiffs felt could be appropriately raised.  The court then

granted subsequent motions to dismiss the state law claims and to strike the jury demand.  The

court certified the cases for interlocutory appeal, and the Eleventh Circuit affirmed this court's

decisions. *Jones v. LMR Intern., Inc.,* 457 F.3d 1174, 1176 (11th Cir. 2006).  The Plaintiffs

subsequently filed new Amended Complaints in each of the consolidated cases which assert one

ERISA count against all Defendants.  The cases are now pending on Great-West's Motion to

Dismiss as to the ERISA claim or claims against Great-West.

## II.  <u>MOTION TO DISMISS STANDARD</u>

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief

could be granted under any set of facts that could be proven consistent with the allegations in the

complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Wright v. Newsome*,

795 F.2d 964, 967 (11th Cir. 1986) ("[W]e may not  . . .  [dismiss] unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that

would entitle him or her to relief.") (citation omitted).  The court will accept as true all well-

pleaded factual allegations and will view them in a light most favorable to the nonmoving party.

*Hishon*, 467 U.S. at 73.  Furthermore, the threshold is "exceedingly low" for a complaint to

survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.*,

769 F.2d 700, 703 (11th Cir. 1985).

## III.  DISCUSSION

Great-West has moved to dismiss the ERISA claims against it, arguing that it is not a fiduciary under the relevant ERISA plan.  Great-West points to the Summary Plan Description which states that LMR, the employer, is fully responsible for self-funded benefits.  Great-West also states the Administrative Services Contract between Great-West and LMR expressly states that LMR had the responsibility not only of providing disclosures to participants, but also of notifying participants in the event of the termination of the Administrative Services Contract.

The Plaintiffs in the three consolidated cases have argued that despite the language of the Administrative Services Contract, Great-West acted as an administrator and fiduciary of the plan. The Plaintiffs' argument is based largely on evidence of materials sent by Great-West to plan participants, as well as deposition testimony.

A court may look beyond plan documents to determine the actual practice of administrating an ERISA plan.  In *Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir. 1992), the Eleventh Circuit acknowledged that factual circumstances may show actual administration of a plan are contrary to that indicated by plan documents.

The Defendants in this case have based their motion on the language of plan documents, which properly can be considered by the court in ruling on a Rule 12(b)(6) motion.  The Plaintiff's response, and to a limited extent, the Defendants' reply, however, rely on materials outside of the plan documents.  In fact, the Plaintiff's argument is that there is evidence which is contrary to the plan documents.

This court has the authority to convert the instant Rule 12(b)(6) motion to one for summary judgment, and to consider evidence outside of the pleadings.  *See Fed. R. Civ. Pro.*

12(b).  In this case, however, the court declines to do so because the court agrees with Great-

West that it is unclear what ERISA section the Plaintiffs claim has been violated.  Furthermore,

there is only one count in the Amended Complaint, but it is labeled "Violations of the Employee

Retirement Income Security Act."  Therefore, it is also unclear as to whether one claim or

multiple claims are being asserted.

It appears to this court, therefore, that rather than convert the pending motion to one for

summary judgment, and consider evidence outside of the pleadings, the most efficient way to

proceed in this case is to grant Great-West's Motion to Dismiss to the limited extent that the

Plaintiffs' ERISA claims will be dismissed without prejudice.  The Plaintiffs will be given a final

opportunity to file Amended Complaints in the consolidated cases that identifies which section

or sections of ERISA they claim have been violated in this case, which Defendant or Defendants

violated each section so identified, and how each separate Defendant violated the section.  Great-

West's Motion to Dismiss will be denied in all other respects.  Such denial will not prejudice

Great-West's ability to re-raise arguments regarding its status as a plan administrator or

fiduciary, within the context of a properly supported Motion for Summary Judgment, after Great-

West files Answers to any Amended Complaints the Plaintiffs may choose to file.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  Defendants' Great-West Health Care, Inc. and Great-West Life & Annuity Insurance

Company's Motion to Dismiss (Doc. #88) is GRANTED to the extent that the Plaintiffs'

Amended Complaints are DISMISSED without prejudice.

2.  The Plaintiffs are given until December 8, 2006 to file new Amended Complaints in the lead case of these three consolidated cases which specifies how many ERISA claims are asserted, the ERISA statutory sections pursuant to which such claim or claims are asserted, which Defendant or Defendants violated each identified section, and how each separate Defendant violated the section.  The Plaintiffs are reminded that any Amended Complaint should be complete unto itself.  *See* M.D. Ala. Local Rule 15.1.

3.  The Motion to Dismiss (Doc. #88) is DENIED in all other respects, without prejudice to Great-West re-raising arguments regarding its status as a plan administrator or fiduciary within the context of a properly supported Motion for Summary Judgment, after any new Amended Complaints and Great-West's Answers thereto are filed.

Done this 30th  day of November, 2006.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE